UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL KERBER AND SHEILA KERBER,

    Plaintiffs,

v.

WAYNE COUNTY EMPLOYEE
RETIREMENT SYSTEM, ET AL.,

    Defendants.

_____/

Case No. 18-12049

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING DEFENDANT WAYNE COUNTY AIRPORT AUTHORITY'S MOTION TO DISMISS [30]**

Plaintiffs bring this 42 U.S.C. § 1983 action against the Wayne County Employee Retirement System, its Director Robert Grden, its Division Director Kelly Tapper, the Wayne County Airport Authority, Wayne County Prosecutor Kim Worthy, Assistant Prosecuting Attorney Ronald Donaldson, and Detective Anthony Domek. They seek to restore Mr. Kerber's pension payments and obtain declaratory, injunctive, and monetary relief.

Each of the defendants have filed motions to dismiss. Though a hearing has been held on the co-defendant's motions, the Court has resolved Wayne County Airport Authority's Motion without a hearing, pursuant to Local Rule 7.1(f)(2). Defendant Wayne County Airport Authority (WCAA), Mr. Kerber's former

employer, brought its Motion to Dismiss [Dkt. #30] on September 26, 2018. It is fully briefed. For the reasons, articulated below, the motion will be granted.

### STANDARD OF REVIEW

WCAA moves to dismiss the amended complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). On a motion to dismiss, the Court must "construe the complaint in a light most favorable" to Plaintiff and "accept all of [its] factual allegations as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). "Although the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.'" *Id. quoting LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive such a motion, Plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### ANALYSIS

The only counts of the amended complaint that seem to pertain to WCAA are counts XI and XII. Nevertheless, in their response to WCAA's motion, Plaintiffs

advance the theory that WCAA is liable for damages accruing from the Wayne County Employee Retirement System's suspension of Mr. Kerber's pension.

Count XI of the amended complaint alleges that defendants are liable to the Kerbers for violating the Michigan Constitution's pension guarantees. Article IX Section 24 of the Michigan Constitution provides "The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby." MCLS Const. Art. IX, § 24.

Plaintiffs have provided no case in which this constitutional provision has, on its own, created a cause of action. Indeed, the Michigan Supreme Court has recognized "no inferred damages remedy for a violation of a state constitutional right exists against individual government employees." *Lavey v. Mills*, 639 N.W.2d 261, 265 (Mich. Ct. App. 2001). *Jones v. Powell*, 462 Mich. 329 (2000) recognized a "the propriety of an inferred damages remedy" in certain cases "in which a constitutional right can only be vindicated by a damages remedy and where the right itself calls out for such a remedy." *Id*. at 336. Analogizing to the federal inferred damages remedy articulated in *Bivens v. Six Unknown Named Federal Narcotics Bureau Agents*, 403 U.S. 338 (1971), the Michigan Supreme Court reasoned that where other statutory mechanisms for redress exist, courts should not infer a damages remedy directly from the constitution. *Id*. at 337 ("While a Bivens-type action may still be inferred,

the existence of a legislative scheme may constitute special factors counselling hesitation, which militate against a judicially inferred damage remedy."). There are several alternative mechanisms to bring suit against WCAA, however, including federal § 1983 actions and common law causes of action sounding in both employment and contract law.

*Jones* recognized "a narrow remedy against the state on the basis of the unavailability of any other remedy" as articulated in *Smith v. State*, 428 Mich. 540 (1987). *Jones*, 462 Mich. at 337. In *Smith*, a majority of Justices held that where eleventh amendment immunity would otherwise bar redress under § 1983, a claim for damages arising from violation by the state of the Michigan Constitution may be recognized. *Id.* at 546-50. WCAA is not entitled to eleventh amendment immunity, and so there is no need to infer a cause of action from Art. IX § 24 of the Michigan Constitution.

Count XII of the amended complaint alleges that WCAA committed tortious interference with a contract or business expectancy. The elements of tortious interference with a contract are 1) a contract 2) a breach and 3) an instigation of the breach without justification by the Defendant. *Jim-Bob, Inc. v. Mehling*, 178 Mich. App. 71, 95-96 (Mich. 1980). The elements of tortious interference with a business expectancy are that the defendant "intentionally and improperly interfered with a

plaintiff's business relationship or expectancy with a third party." *Ward v. Idsinga*, 2013 Mich. App. LEXIS 1427, *30-31 (Mich. Ct. App. 2013).

Here, Plaintiffs do not plausibly allege that WCAA took any action to cause an interference with Mr. Kerber's relationship to WCERS or to instigate Wayne County Employee Retirement System (WCERS) to breach its contract to Mr. Kerber. Plaintiffs allege only that "[o]n a specific date yet to be determined, Defendant Airport Authority intentionally and improperly ceased making payments to WCERS." (Am. Compl. ¶ 166). What they do not allege however is that WCAA ceased making payments *before* WCERS suspended Mr. Kerber's pension, or that the cessation of payments from WCAA (and not WCERS' commencement of criminal larceny proceedings against Mr. Kerber) *caused* WCERS to suspend Mr. Kerber's pension. Plaintiffs have only pled "the mere possibility of misconduct" on the part of WCAA, which is exactly what *Iqbal*, interpreting FED. R. CIV. P. 8(a)(2), held was insufficient to survive a Rule 12(b)(6) motion.

Plaintiffs advance an expansive theory in which WCAA is liable for WCERS' alleged wrongdoing, because it ratified or acquiesced the suspension of Mr. Kerber's pension. Nowhere in their complaint, however, do Plaintiffs articulate how WCAA had any role in WCERS' decision to suspend the pension. They cannot rely on an agency theory where they do not allege that WCAA had any control or authority over WCERS' decision to suspend Mr. Kerber's pension. *Melissa Meredith v.*

*Oakwood Healthcare*, 2010 Mich. App. LEXIS 603 (Mich. Ct. App. Apr. 8, 2010) ("[T[he essential characteristic of an agency relationship is the principle's right to control the agent."). The amended complaint alleges a conspiracy among several defendants in the Wayne County Prosecutor's Office and Retirement Commission. There is no factual basis alleged for including the Airport Authority in this conspiracy, or, therefore, in any of the causes of action that derive from either Mr. Kerber's criminal proceedings or the suspension of his pension.

As a final matter, WCAA seeks to recoup legal fees from the fee-shifting provision in the severance contract, which it advances as an alternate means of dismissal. The severance agreement Mr. Kerber signed with WCAA has a section titled "Release of all Claims and Covenant Not to Sue." (Dkt. # 3-1 at ¶ 8). Though this section broadly and repeatedly releases WCAA from any legal claims Mr. Kerber might have against it, it also includes a small but notable exemption. "Notwithstanding the above, Employee does not release his vested rights under applicable Retirement Plans." (Id.). This makes sense, as those pension rights constituted consideration that was provided to Mr. Kerber in return for a release of all his other rights against his employer. "The parties agree that the terms contained and the payment referenced in paragraph 2-3 of this Agreement are compensation for, and in full consideration of, Employee's agreement to him [sic] release of claims." (Id. at ¶ 7).

Thus, it is the Plaintiffs' failure to state a claim against WCAA upon which relief can be granted that provides the grounds to grant WCAA's motion to dismiss, not the waiver of liability in the severance agreement.

Accordingly,

**IT IS ORDERED** that Defendant Wayne County Airport Authority's Motion to Dismiss [30] is **GRANTED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: February 12, 2019    Senior United States District Judge